IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY COX,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  3:22-cv-2906 |
| | § | |
| **MORGAN STANLEY MORTGAGE LOAN TRUST 2007-8XS, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE AND SPECIALIZED LOAN SERVICING,** | § § § § § § § § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441(c), Defendants Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, Successor In Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank National Association, as Trustee ("Trustee" or "Defendant"), and Specialized Loan Servicing, LLC ("SLS" or "Defendant") (together, "Defendants") give notice and hereby remove this action from the Dallas County, County Court at Law No. 4 to the United States District Court for the Northern District of Texas, Dallas Division. Defendants remove this matter based on federal question jurisdiction. In support, Defendants show the Court as follows:

### I. STATE COURT ACTION

1. On or about December 1, 2022, Plaintiff Timothy Cox ("Plaintiff") filed his *Original Petition, Application for Temporary Restraining Order, Temporary Injunction,*

*Permanent Injunction, and Request for Disclosures* (the "Complaint") in an action styled: Timothy Cox v. Morgan Stanley Mortgage loan Trust, 2007-XS, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank National Association, as Trustee, under Cause No. CC-22-06835-D ("State Court Action").

2. In the State Court Action, Plaintiff asserts causes of action for negligence, violation of RESPA, 12 U.S.C. 1024, et seq., and violation of Section 51.002 of the Texas Property Code in connection with the attempted foreclosure of the real property commonly known as 6464 Ellsworth Ave., Dallas, TX 75214 (the "Property"). Plaintiff seeks injunctive relief, unspecified monetary damages, attorneys' fees, and costs.

3. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the County Court at Law No.4, Dallas County Texas, and a copy of this Notice of Removal will also be served on all parties.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the County Court at Law No.4, Dallas County, Texas and obtained by Defendants are attached hereto.

5. In Support of this removal, as required by Local Rule 81.1, please find attached as follows:

> **Exhibit A**: Civil Cover Sheet
>
> **Exhibit B**: Supplemental Civil Cover Sheet
>
> **Exhibit C**: Index of State Court Documents
>
> **Exhibit D**: State Court Docket Sheet
>
> **Exhibit E**: State Court File

**Exhibit F**: Dallas County CAD Valuation for the Property[1]

## II. TIMLINESS OF REMOVAL

6. Defendants have not been served with process in this cause. Less than thirty (30) days have passed since Defendants received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. VENUE

7. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because the State Court Action is currently pending within the district and division. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §124(a)(1).

## IV. BASIS FOR REMOVAL

### A. Federal Question

8. The Court has original jurisdiction over the State Court Action under 12 U.S.C. § 1331 because Plaintiff asserts causes of action for violation of RESPA which is codified at 12 U.S.C. 1024, et seq. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 12 U.S.C. § 1331. Accordingly, Defendants remove this action to this Court pursuant to 28 U.S.C. § 1441(c).

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiff's additional claims because they derive from the same set of facts forming their claim under 12 U.S.C. 1024, et seq.

### B. Diversity of Citizenship

   *i.*   *Citizenship of the Parties*

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants' request the Court take judicial notice of Exhibit F.

10.     Plaintiff is an individual in Dallas County, Texas. *See Petition*, at ¶ 2. Therefore, Plaintiff is a citizen of Texas for diversity jurisdiction.

11.     U.S. Bank National Association, which is sued in its capacity as trustee, is national banking association. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980). The citizen of U.S. Bank is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank's main office is currently located in Ohio under its articles of association. Therefore, U.S. Bank is a citizen of Ohio.

12.     Specialized Loan Servicing, LLC is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). SLS has its principal place of business in Highland Rach, Colorado. SLS is a wholly-owned subsidiary of its sole member, Specialized Loan Servicing Holdings, LLC. Specialized Loan Servicing Holdings, LLC is a wholly-owned subsidiary of its sole member, Computershare US Services, Inc. As a corporation, Computershare US Services, Inc. is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005). Computershare US Services, Inc. is incorporated in Delaware and maintains its principal place of business in Illinois.

13.     Accordingly, there is complete diversity among the parties.

   ii.     <u>Amount in Controversy</u>

14. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

15. The Complaint seeks injunctive relief, and damages and title related to the foreclosure of the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

16. The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Farkas v. GMAC Mortgage LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

17.     The most recent tax appraisal for the Property set the market value of the Property at $642,630.[2] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010) (considering appraisal district figure as evidence that amount in controversy requirement was met). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

## V.     CONCLUSION

18.     WHEREFORE, PREMISES CONSIDERED, Defendants remove this State Court Action from the Dallas County, County Court at Law No. 4 to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Attached as Exhibit F is a true and correct copy of the Dallas County Appraisal District valuation of the Property. Pursuant to Federal Rule of Civil Evidence 201, Defendants respectfully request that the Court take judicial notice of Exhibit F.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks f/k/a Shawnika L. Harris
State Bar No. 24106058
Robert D. Forster, II
State Bar No. 24048470
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
ShawnikB@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Via E-service: Robert@newarkfirm.com
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
Attorney for Plaintiff

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks